IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

MICHAEL RENAE HAGMAN,

Petitioner,

vs.

LEWIS AND CLARK COUNTY SHERIFF/JAIL ADMINISTRATOR,

Respondent.

Cause No. CV 26-108-BU-SPW

ORDER

Petitioner Michael Renae Hagman ("Hagman") is a state defendant awaiting trial in the Montana's First Judicial District Court, Lewis and Clark County, on a charge of Stalking (2nd or Subsequent Offense) in *State v. Hagman*, Cause No. BDC 2026-395. Hagman has filed a petition to challenge the ongoing state court proceedings via a petition for writ of habeas corpus relief pursuant 28 U.S.C. § 2254 and/or 28 U.S.C. § 2241. (Doc. 1 at 1.) Hagman's petition was prepared and filed by Stephanie LaMarr ("LaMarr"), his "Attorney-in-Fact" and fiancée, who is purportedly acting pursuant to a Limited Power of Attorney. (*Id.* at 1, 9, 11.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis

upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

As an initial matter, LaMarr and Hagman are informed that pro se litigants have no authority to represent anyone other than themselves. Therefore, LaMarr lacks representative capacity to file motions and other documents on behalf of others, including Hagman. *See, Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997)("[A] non-lawyer 'has no authority to appear as an attorney for others than [herself],'")(*quoting C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also, Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)(non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a non-attorney may appear in propria person in [her] behalf, that privilege is personal to [her]." *Id.* (citations omitted). Thus, LaMarr may not file documents in this Court for Hagman or any other, even pursuant to a purported "limited power of attorney."

As explained below, however, LaMarr filing on Hagman's behalf is not the only basis upon which the present petition suffers. Hagman's petition will be dismissed.

//

**Background**

The affidavit prepared in conjunction with Hagman's pending state criminal case sets out the rather convoluted history of litigation Hagman and LaMarr have been engaged in within the state court system. *See*, (Doc. 1-1 at 11-42.)[1] Hagman was convicted in the First Judicial District Court of two counts of Order of Protection Violations, Custodial Interference, and Stalking in Cause No. BDC-2021-394. In exchange for his guilty plea, various other charges were dismissed. The criminal charges stemmed from an order issued in a dissolution and parenting plan matter between Hagman and M.G.; the two share four children (*Id.* at 11-12.) Hagman was initially given a fully suspended sentence and was ordered to pay restitution costs, including counseling for his minor children and legal costs incurred by M.G. Hagman was also directed to have no contact with M.G. or the two minor children. (*Id.* at 13.)

In August of 2025, Hagman sought relief from the restitution order; the request was denied. (*Id.* at 13-14.) During these restitution-related proceedings the State apparently learned of the alleged falsity of Hagman's sworn statements

---

[1] Hagman and/or LaMarr have also recently filed six civil rights actions in this Court. *See, Hagman v. Stanton,* Cause No. CV-26-97-BU-SPW, Comp. (filed Sept. 30, 2026); *Hagman v. McMahon*, Cause No. CV-26-99-BU-SPW, Comp. (filed Oct. 5, 2026); *Hagman v. Menahan*, Cause No. CV-26-100-BU-SPW, Comp. (filed Oct. 5, 2026); *Hagman v. Lewis and Clark County, et al.*, Cause No. CV-26-104-BU-SPW, Comp. (filed Oct. 13, 2026); *Hagman v. Gallatin County et al.*, Cause No. CV-26-107-BU-SPW, Comp. (filed Oct. 14, 2026); and, *Hagman v. Warhank et al.*, Cause No. CV-26-110-BU-SPW, Comp. (filed Oct. 16, 2026).

regarding his living situation and his relationship to LaMarr. (*Id.* at 14-15.) LaMarr also apparently began filing documents in Hagman's proceedings as both an "expert" and on her own behalf. (*Id.* at 15-16.) Hagman has an active appeal pending, challenging the district court's denial of his motion to relieve him of his restitution obligation and refusal to remove the no contact orders.

Additionally, as a result of filings made in the civil matter, Hagman was charged with Perjury in Cause No. BDC 2026-94. (*Id.* at 14.) The perjury matter has involved extensive motion practice, Hagman's failure/refusal to appear for court hearings, and two petitions for writs of supervisory control filed with the Montana Supreme Court. (*Id.* at 19-22, 31-32.) That matter is currently set for trial on January 5, 2027. (*Id.* at 22.)

Hagman has also sought to amend the parenting plan he has with M.G. and to correct the division of property that occurred in the dissolution proceedings. (*Id.* at 16-17.) Hagman has requested to change the venue of the proceedings, to disqualify the judge, and has moved to have the dissolution decree declared void due to a purported lack of subject matter jurisdiction, among other alleged defects. (*Id.* at 17.) On June 22, 2026, following a hearing, the district court issued a written order explaining the basis for denying Hagman's motion to amend the parenting plan. (*Id.* at 18.) Hagman appealed the matter and it remains pending before the Montana Supreme Court.

Following an increase in court filings and apparent animosity, M.G. sought a new Temporary Order of Protection. (*Id.* at 22-23.) Following Hagman's failure to appear at a hearing, the temporary request was granted. The district court attempted to reschedule a hearing in the matter; however, Hagman engaged in repeated filings and attempts to disqualify the judge. Hagman filed an appeal. (*Id.* at 23-25.) The appeal was later dismissed. (*Id.* at 24.) Following a hearing on September 17, 2026, the request for a permanent order was granted for 10 years as to M.G., and until the 18th birthdays of the two minor children. (*Id.* at 25.)

In February of 2026, Hagman's biological father, Bill Hagman ("Bill"), passed away. A petition for informal probate of will was filed in the Jefferson County District Court. Bill placed a portion of his estate into a living trust, with the remainder of the trust to pass to M.G. and Hagman's four children. Although M.G. is not a beneficiary, she was designated as the trustee for the children's sub-trust. M.G. was also appointed to serve as personal representative and Bill designated cash gifts to be dispersed to the other grandchildren. (*Id.* at 26.) Bill's four children, including Hagman, were specifically disinherited. The resolution of Bill's estate has spawned another set of protracted litigation involving the estate; M.G., as personal representative; Hagman; and LaMarr, in addition to other family members. (*Id.* at 25-30.) There is a direct appeal pending before the Montana Supreme Court related to the probate and estate. (*Id.* at 31.)

Separate from Hagman, LaMarr has engaged in extensive civil filings against M.G. and Bill's estate. (*Id.* at 33-41.)

Hagman asks that this Court intervene in his state proceedings and order his immediate release or, alternatively, hold an "emergency hearing" pursuant to 28 U.S.C. § 2243. (Doc. 1 at 8-9.) Hagman asserts that this is appropriate as the state district court judge, who as a result of Hagman's own filings in this Court is now a "federal defendant," reviewed his own warrant, presided over all motions, denied habeas relief, and apparently made prejudicial statements concerning Hagman's estate. (*Id.* at 8.) Hagman also asks this Court to order a stay in his state proceedings, order production of sealed state documents, and declare that State District Court Judge McMahon's "continued involvement" in Hagman's active state matters violates due process and renders state remedies unavailable. (*Id.* at 9.)

**28 U.S.C. § 2254 petition vs. § 2241 petition**

Federal courts have an independent obligation to examine their own jurisdiction and may not entertain an action in which jurisdiction is lacking. *Hernandez v. Campbell*, 204 F. 3d 861, 865 (9th Cir. 2000). This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Conversely, 28 U.S.C. §2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

Hagman's present petition suffers from procedural defects. He improperly filed the petition under both 28 U.S.C. § 2254 and § 2241. The determination under which provision a petitioner must proceed is a status inquiry directed to the source of petitioner's custody. Hagman is a pretrial detainee challenging his active state proceedings. Because he is not challenging a state judgment of conviction, he may not proceed under § 2254. Section § 2241 is the only potential avenue available for federal habeas relief. But even construing the filing as a § 2241 petition, Hagman is not entitled to relief.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct

appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971)(under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Hagman acknowledges that he has various state matters pending and he has not yet proceeded to trial on the Stalking and/or Perjury charges. While he filed a habeas petition with the state district court which was denied, *see* (Doc. 1-1 at 8-9), there is no indication that he has exhausted these same claims before the Montana Supreme Court. Additionally, receiving an unfavorable ruling does not equate to the unavailability of state remedies. Thus, to the extent that Hagman presents claims that are cognizable in federal habeas, these claims are not fully exhausted. *See, Carden*, 626 F.2d at 83 ("As an exercise of judicial restraint, [ ] federal courts elect not to entertain habeas corpus challenges to state court proceedings until petitioners have exhausted state avenues for raising

[a] federal claim.").

Moreover, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. Absent "special circumstances," such as "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown" a federal court will not entertain a pretrial habeas corpus petition. *Carden*, 626 F. 2d at 84 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Id*. at 83-84 (*quoting Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972)).

As a preliminary matter, this Court has consistently found that Montana's criminal charging process via information is entirely consistent with federal guarantees of due process. Moreover, a state district court judge granting a motion to file an information "does not make a judge part of the accusatory process any more than issuing a search warrant makes a judge part of the investigative process." *See e.g., Ayers v. Kirkegard*, CV-14-BLG-DLC, 2015 WL 268879, at *2 (D. Mont. Jan. 21, 2015). Despite Hagman's protestations, a review of the

documents filed in support of the habeas petition reveal that the district court had subject matter jurisdiction over Hagman's criminal proceedings. Further, it appears that Hagman has been prosecuted according to Montana's Constitution and applicable statutory scheme, which provides for filing an application that includes an information for leave of court along with an affidavit supported by evidence. *See*, Mont. Code Ann. § 46-11-201(2); Mont. Const. art. II, § 201; and §§ 46-11-101(3) and 46-11-102(1), MCA.

Hagman's disagreement with the course of his state court proceedings and conclusory allegations in support thereof, are not the type of unusual circumstances that might justify an exception to *Younger* abstention. Hagman may attempt to obtain the relief he seeks via his pending state court proceedings, on direct appeal therefrom, or by filing an original habeas action in the Montana Supreme Court.

Hagman has not exhausted his state court remedies, and his situation does not involve an adequately "unusual" circumstance. Accordingly, his petition will be dismissed without prejudice.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Hagman attempts to present are unexhausted and do not meet the "unusual circumstances" exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Hagman's Petition (Doc. 1) is DISMISSED without prejudice.

2. In light of the dismissal of Hagman's petition for the reasons stated herein, his Motion for Immediate Release (Doc. 2) is DENIED.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 20th day of October, 2026.

Susan P. Watters

Susan P. Watters
United States District Court Judge